IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEJUAN F. ZENO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1068-D |
| | ) | |
| ROBERT PATTON, ODOC | ) | |
| Director, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

**I.  Background.**

Petitioner, a state prisoner proceeding pro se and pursuant to 28 U.S.C. § 2254, has filed this action seeking a writ of habeas corpus to challenge a March 21, 2012 conviction and sentence that followed his guilty plea. Doc. 1.[1] He raises three grounds for relief: (1) "Actual Innocence claim/Ineffective Counsel," maintaining that he is innocent of conspiring to distribute cocaine and of distribution of cocaine, and that his counsel had the evidence revealing this fact but failed to adequately investigate, *id.* at 5, Doc. 2; (2) double jeopardy and ineffective assistance of counsel in failing to challenge the prosecution of separate counts that were part of the same act, Doc. 1, at 6; and (3) the trial court failed to intervene and advise Petitioner of "the clear and present danger

---

[1]    Citations reflect this Court's CM/ECF designation and pagination.

of allowing" the guilty plea. *Id.* at 8.

United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The undersigned examined the petition, along with its incorporated brief, and ordered a response. Docs. 1, 2, 7. Respondent filed a motion to dismiss with supporting brief. Docs. 9, 10.

Petitioner then filed what he termed a Motion for Clarification, asking the court to "deem confessed his claim(s), and grant the relief requested" on the grounds that "petitioner has not received any response (nor) (a) motion for continuance from the respondent(s)" with regard to the undersigned's order for response. Doc. 11. The undersigned denied the motion and advised Petitioner that Respondent had timely filed a Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations along with supporting brief, and that both documents included certifications of mailing to Petitioner at the correct address. Doc. 12. Nonetheless, the undersigned determined that Petitioner was entitled to receive a copy of the motion and brief and to additional time to respond to the motion. The undersigned directed the Clerk of Court to provide Petitioner with a copy of Respondent's motion and brief and extended

Petitioner's deadline to contest the motion. *Id.*[2]

That deadline has now passed, and Petitioner has failed to either respond to the motion or to seek additional time in which to do so. Accordingly, the motion is at issue. After carefully evaluating the merits of Respondent's motion – with full consideration of the claims and arguments Petitioner raised in his petition and supporting brief – the undersigned recommends dismissal of the action as untimely.[3]

## II. Analysis.

### A. Period of limitation.

Petitioner's habeas action is subject to a one-year period of limitation under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). The clock on that one-year period generally begins to run when "the judgment bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

By blind plea on February 3, 2012, Petitioner admitted his guilt in Case

---

[2] The docket sheet's staff notes indicate that copies of the motion and brief were mailed to Petitioner at his stated address, Doc. 1, on December 4, 2014, along with a copy of the undersigned's order. This Court's local rules provide that "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR 5.4(a).

[3] "In [the Tenth C]ircuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

No. CF-2011-1256 in the District Court of Oklahoma County, Oklahoma, to Count 1, Conspiracy for Unlawful Distribution of a Controlled Dangerous Substance, Marijuana; Count 2, Conspiracy for Unlawful Distribution of a Controlled Dangerous Substance, Cocaine base; Count 3, Distribution of a Controlled Dangerous Substance, Marijuana; and Count 4, Distribution of a Controlled Dangerous Substance, Cocaine, all after two or more prior felony convictions. Doc. 10, Ex. 1, at 5 & Ex. 10, at 1. He provided the following factual basis for his pleas:

> ON or about June 16, 2010 thro[u]gh Dec. 2, 2010 I willfully conspired with others to Deliver Amounts of Cocaine Base and Marijuana and In furtherance thereof Did deliver Cocaine Base and Marijuana in Ok. Co. Ok. On June 16, 2010 I Delivered a Quantity of Marijuana to another and on Nov. 30, 2010 I Delivered a Quantity of Cocaine to another All in Ok. Co. Ok.

Doc. 10, Ex. 1, at 5. The state district judge accepted the plea but postponed sentencing at Petitioner's request for the preparation of a pre-sentence investigation report. *Id.* at 5, 6. The court subsequently imposed sentence – twenty years on each of the four counts, to run consecutively – on March 21, 2012. Doc. 1, at 1; Doc. 10, Ex. 2, at 3. Petitioner did not seek to withdraw his plea or otherwise appeal and, as a result, his conviction became final ten days later – on March 31, 2012. *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (concluding that a conviction became final ten days after an Oklahoma

defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal). The one-year period of limitation began to run the following day, April 1, 2012, and expired one year later, on April 1, 2013. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011) (the one-year period of limitation begins to run the day after a conviction is final). The instant action, filed on October 2, 2014, is untimely by a year and a half pursuant to § 2244(d)(1)(A), absent statutory or equitable tolling or a credible assertion of actual innocence.

B.  **Statutory tolling.**

Statutory tolling is available when, during the one-year period of limitation, a petitioner properly files a petition for collateral review in the state trial court. *See* 28 U.S.C. § 2244(d)(2). Here, the only state court motion filed before that one-year period expired was one for judicial review filed by Petitioner on March 12, 2013. Doc. 10, at Ex. 3. Pointing to his rehabilitation efforts and positive evaluations while incarcerated, Petitioner, through counsel, asked the court "to modify the judgment and sentence in this matter pursuant to [Okla. Stat. tit. 22,] §982a" which provides that "[a]ny time within twelve (12) months after a sentence is imposed . . . the court imposing sentence . . . may modify such sentence . . . by directing that another penalty be imposed, if the court is satisfied that the best interests of the public will not be jeopardized."

Doc. 10, Ex. 3, at 1.[4]

Respondent maintains that "[a] Motion for Judicial Review does not toll the statute of limitations, as in Oklahoma a Motion for Judicial Review is not part of the appellate process and is only a form of discretionary review." Doc. 10, at 4. Respondent "further argue[s] that even giving Petitioner the benefit of statutory tolling for the motion to modify, it was only pending nine days as the motion was not ruled upon within twelve months after the sentence was imposed" and that "the district court had to rule upon the motion within twelve months from sentencing or the district court lost jurisdiction to modify the

---

[4] On Nov. 1, 2012, the Oklahoma legislature amended § 982a to allow a sentencing court to modify a sentence within twenty-four months after the initial sentencing. Okla. Stat. tit. 22, § 982a (2012). Petitioner does not argue that this amendment would apply to his sentence, and for good reason. *See also State v. Hurt*, 340 P.3d 7, 8 (Okla. Crim. App. 2014) ("It is a fundamental rule of statutory construction that intervening changes in the law should only be applied prospectively from their effective date, unless the Legislature has specifically declared that they have retroactive effect." (citations omitted)). Any doubts are resolved in favor of a prospective application of the amendment. *Id.* at 9 ("Prospective application of the [new statute] is a reasonable construction of the amendment[ as] there is not a clear expression of an intent to the contrary from the Legislature . . . ."). The undersigned finds no evidence that the Oklahoma legislature intended for revision to § 982a to be retroactively applied to defendants who had been convicted and sentenced before its amendment.

6

sentence." *Id.* at 5.[5] *See State v. Mathews*, 837 P.2d 482, 483 (Okla. Crim. App. 1992) (holding that state district court lacked jurisdiction to modify a sentence pursuant to § 982a after the statutory period had expired). Respondent concludes, "[e]ven adding nine days to April 1, 2013, Petitioner would have to file the petition on April 10, 2013. The petition was filed on October 2, 2014, well out of time." Doc. 10, at 6.

So does Petitioner's § 982a motion entitle him to some period of statutory tolling? Despite Respondent's argument otherwise, the undersigned concludes it does.

"'The Supreme Court has defined collateral review as 'judicial review of a judgment in a proceeding that is not part of direct review,' including motions to reduce sentence under state law." *Najera v. Murphy*, 462 F. App'x 827, 830 (10th Cir. 2012) (applying Wyoming law) (quoting *Wall v. Kholi*, 131 S. Ct. 1278, 1281-82 (2011) (holding that a motion to reduce sentence under Rhode Island state law was "collateral review" and tolled the AEDPA statute of limitations). That Petitioner's motion for sentence reduction amounts to a "plea for mercy, not a motion to correct an illegal sentence" matters not. *Id.*; *compare*

---

[5]      With respect to this motion, Petitioner states only that "alternate counsel - Jay Silvernail - filed (a) sentence modification - instead of an - appeal out of time - on 03-12-13' . . ." Doc. 1, at 13, and characterizes the motion as "meaningless." Doc. 2, at 4.

7

*Smallwood v. Martin*, 525 F. App'x 669, 673 (10th Cir. 2013) ("There is no indication that this is a collateral review mechanism, and [petitioner's] general argument under it is that he had behaved well in prison so far.") (applying Oklahoma law), *with Neiberger v. McCollum*, 577 F. App'x 850, 853 (10th Cir. 2014) ("We also agree with the district court that Defendant was entitled to tolling under § 2244(d)(2) for the 11 days from the time he filed his motion for sentence modification to the time the state court denied the motion.") (applying Oklahoma law).

Broadly construing the motion for a reduction of sentence as *Wall* directs, the undersigned presumes for this case that Petitioner's filing serves as a collateral-review mechanism. *See Neiberger*, 577 F. App'x at 853; *Najera*, 462 F. App'x at 830. So, he received an additional nine days, or until April 10, 2013, to file his § 2254 petition.

Petitioner did not file an application for post-conviction relief until March 26, 2014. Doc. 1, at 2.[6] As a result, that application did not further statutorily toll his period of limitation. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.") (citations omitted).

---

[6] Petitioner states that he "did file his own - Appeal out of time - although - defective - on - 01-22-14.[]" Doc. 1, at 13.

### C. Equitable tolling.

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (citations omitted); *see also Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) ("hold[ing] that § 2244(d) is subject to equitable tolling in appropriate cases") (citations omitted). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Consequently, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted). To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted). Petitioner has the burden of demonstrating that equitable tolling applies. *Sigala*, 656 F.3d at 1128; *Miller*, 141 F.3d at 977.

Here, in explaining why the one-year limitation period does not bar his petition, Petitioner claims that his attorney "completely abandoned" him and

9

"failed to file his motion to withdraw his plea . . . ." Doc. 1, at 13. He maintains that his attorney "was arrested in the State of California for drug allegation(s) the next month," meaning, necessarily, in April or May of 2012. *Id.* Then, when "petitioner was finally assigned alternate counsel" in December 2012, that attorney "filed (a) sentence modification - instead of an - appeal out of time - on 03-12-13' - due to [original counsel's] abandonment of petitioner at (a) critical time of the proceeding(s)." *Id.* Petitioner explains that his original and alternate counsel "worked for the same law firm - which in turn is why the petitioner had to wait on alternate counsel - because - said firm was originally retained by petitioner, and unfortunately [original counsel] lost his employment due to his arrest." *Id.*

Giving credence to Petitioner's unsupported version of the facts, Petitioner fails to explain why his attorney's failure – an attorney who was allegedly dealing with his own criminal issues[7] – to file a motion to withdraw the plea prevented Petitioner from: promptly seeking to substitute counsel, seeking to appear on his own behalf in order to timely file an appeal out-of-time, or filing a timely habeas application. The petition provides no facts from which the court

---

[7] Respondent questions Petitioner's version of the timing of his counsel's arrest, pointing to a newspaper article filed by Petitioner in state court proceedings that reports the attorney's arrest but also reports that the arrest occurred in April *2013* and not in 2012 as Petitioner maintains. Doc. 10, at 7-8 n.5.

could find that there are "rare and exceptional" circumstances that warrant equitable tolling. *Gibson*, 232 F.3d at 808. And, even if Petitioner could show rare and extraordinary circumstances justifying some equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims, which he fails to do. *See id.*; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (citations omitted); *Sigala*, 656 F.3d at 1128 (requiring petitioner to "vigorously attempt[] to ensure his habeas petition was timely filed").

### D. Actual innocence.

Petitioner seeks to avoid any period of limitation on the cocaine counts by claiming actual innocence as a "gateway through which a petitioner may pass" when confronted with the expiration of his period of limitation. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[A] 'credible showing of actual innocence' provides an outright equitable *exception* to AEDPA's statute of limitations." *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (quoting *McQuiggin*, 133 S. Ct. at 1928, 1931-33).

But, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable* evidence – whether it be

11

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). And, Petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327).

Here, Petitioner maintains that he is innocent of the counts charging conspiracy to distribute cocaine and distribution of cocaine, Doc. 2, a contention squarely at odds with his plea to the contrary. *See O'Bryant v. Oklahoma*, 568 F. App'x 632, 637 (10th Cir. 2014) ("[W]e may take into account the fact that the petitioner's conviction was based on a guilty plea predicated on the petitioner's representations of competence and voluntariness, and findings by the court.") (citations omitted). To support his claim, Petitioner points to an agent's investigation report involving the description of the cocaine in one of four plastic bags Petitioner sold the agent in the November 30, 2010 transaction. Doc. 2, at 1. He maintains that the agent's report does not document his sale of a plastic bag containing a rock-like substance, the only one of the four bags in which a controlled dangerous substance was identified. *Id.* at 2. Petition further asserts that he "has no idea where [the] Agent . . . purchased (or) obtained this newly introduced evidence/substance." *Id.*

But none of this is "new." *Schlup*, 513 U.S. at 324. Petitioner affirmatively alleges that before he entered his blind plea he "kept insisting that he had to be innocent" of the cocaine-related counts because he "knew such weren't narcotics(s)," but his lawyer "who had the complete discovery/report(s) before him" and who "kn[ew] - such allegation(s) regarding Counts(s) 2 and 4 were false . . . adamantly assured petitioner the state had affirmation from the (O.S.B.I.) laboratory that was to the contrary of petitioner[']s) claim(s) . . . ." Doc. 2, at 2-3. In sum, Petitioner "has presented no *new evidence,* [and] he simply argues the . . . evidence which existed at the time he pled guilty is evidence of his innocence." *Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (internal quotation marks and citations omitted).

## III. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that Judge DeGiusti grant Respondent's motion to dismiss, Doc. 9, and dismiss Petitioner's action as untimely and with prejudice.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before March 18, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both

factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 26th day of February, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE