IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEJUAN F. ZENO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1068-D |
| | ) | |
| ROBERT PATTON, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 13], issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon consideration of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus and supporting brief, together with Respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations, Judge Mitchell finds that the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1), and recommends that it be dismissed with prejudice. Petitioner has filed a timely objection. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears *pro se*, seeks to challenge his conviction and consecutive sentences imposed on March 21, 2012, upon his guilty plea to multiple charges of conspiracy and distribution of controlled dangerous substances, all after two or more prior felony convictions. He did not file a timely motion to withdraw his plea, but within a year of his

sentencing, he did file a motion to modify his sentence. Judge Mitchell finds that this motion entitles Petitioner to statutory tolling under 28 U.S.C. § 2244(d)(2) until April 10, 2013. However, Judge Mitchell finds no basis for equitable tolling of the one-year limitation period of § 2244(d)(1), and therefore, she finds the Petition in this case filed October 2, 2014, is time barred.

In his Objection, Petitioner challenges only Judge Mitchell's findings regarding equitable tolling. Liberally construing his arguments, Petitioner asserts that he diligently pursued his rights by filing motions for copies of transcripts and discovery and by finally obtaining documents on his own, that he had no funds for legal counsel and no legal knowledge or training, that extraordinary circumstances prevented him from timely filing his claims because his counsel was "highly incompetent," and that the investigator's reports on which he bases a claim of ineffective assistance of trial counsel is new evidence that also supports an "actual innocence" exception to the statute of limitations under *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). *See* Objection [Doc. No. 14], p.1.

Upon *de novo* consideration of the issues presented by Petitioner's Objection, the Court fully concurs in Judge Mitchell's finding that the Petition is time barred. Petitioner concedes that the "new" reports were in the possession of his counsel at the time he entered a guilty plea and, accordingly, were available to him as well. Further, Petitioner admits that he personally received the reports on February 10, 2014. *See* Petitioner's Brief [Doc. No. 2], p.4 (ECF page numbering). However, he waited until October 2, 2014, to file his Petition. As to Petitioner's assertion that he lacked legal knowledge or counsel for post-conviction

2

filings (except for substitute counsel's filing of a motion for sentence modification in 2013), "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation omitted). Petitioner has failed to present any "extraordinary circumstances beyond his control" that would warrant equitable tolling of the limitations period in this case. *Id*. Because the Court cannot add significantly to Judge Mitchell's thorough analysis of the timeliness issues, the Court adopts Report and Recommendation in its entirety as though fully set forth herein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED. Respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. No. 9] is GRANTED. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED with prejudice as untimely. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 13th day of March, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE